In the United States District Court
For the Southern District of West Virginia
Beckley Division

Thomas Hammond
"Petitioner"

Vs.

FCI Beckley Warden
"Respondent"

FILED
MAY 13 2025
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

5:25-CV-00317

Petition For Habeas Corpus Pursuant to 28 U.S.C. 2241

Comes Now, the defendant, Petitioner, Thomas Hammond, Pro-se, referred hereafter as ("Hammond") respectfully moves this honorable Court to Grant his 2241.

And in Support thereof, "Hammond" Convey as follows:

A. Memorandum of Law in Support

The Petitioner request for this Honorable Court to "construe" the enclosed pleadings "liberally" pursuant to Haines V. Kerner, 404 519, 92 S. Ct. 590, 30 L. Ed. 2d. 652 (1972) holding that "Pro-se" litigants such as petitioner be held to lesser standards on review than lawyers, constructions, and briefs.

Under 28 U.S.C. 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States. "28 U.S.C. 2241(c)(3). A federal Court has jurisdiction over such a petition if the petitioner is "IN Custody" and the custody is allegedly "in violation of the Constitution of laws or treaties of the United States. "28 U.S.C. 2241(c)(3); Maleng V. Cook, 490 U.S. 488, 490, 109 S. Ct. 1923, 104 L. Ed. 2d. 540 (1989).

Under the framework of "LOPER BRIGHT ENNTERS V. RAIMONDO" No-22-451, this Supreme Court decision is appropriate and ambiguous to this case because federal agencies, like the BOP, are failing to follow federal statues and laws by misinterpreting the first step act language as well as prison officials are acting outside of statutory authority.

The Burden to show that he is in violation of the constitution (or laws) of the United State is on the prisoner. Allen V. Penns, 424 F. 3d. 2d. 134, 138 (6thCir.1970) or see Rose V. Hodges 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46, L. Ed. 162 (1975).

A Prisoner may challenge the executions of his sentence including the computation of a sentence by a prison official. Levine V. Apker, 455 F. 3d. 71, 78 (2dCir.2006).

On December 21, 2018, Congress enacted the FSA "with the purpose of modifying prior sentencing law and expanding vocational training early-release programs, and other initiatives designated to reduce recidivism. United States V. Venable, 943 F. 3d. 187, 188 (4thCir.2019).

(The First Step Act of 2018 ( the "FSA") P. L. 115-391, 102(b)(1), 132 STAT. 5194 5210. (Dec.21.2018))

In Yufenyuy V. Warden, FCI Berlin, No-22-CV-443-AJ (New Hampshire 3-7-2023), the defendant motion was granted because the defendant make a showing of a sentence in violation of the constitution and law or treaties of the United States. In that case, the BOP failed to apply FSA credit to his sentence and thus, the district court found this to be a violation of federal law and the first step act. Therefore, he contends this case is ambiguous to his case now because he too is being denied credits

Penns, 424 F. 2d. 134, 138 (6thCir.1970) and see ( Rose V. Hodges, 423 19, 21, 96 S. Ct. 175, 177 46, L. Ed. 162 (1975).

A Prisoner may challenge the execution of his sentence including the computation of a sentence by a prison official. Levine V. Apker, 455 F. 3d. 71, 78 (2dCir.2006).

(Citing The First Step Act of 2018 (The "FSA") P. L, 115-391, 102(b), 132 STAT 5194, 5210 (Dec.21,2018)

In Yufenyuy V. Warden, FCI Berlin No-22-CV-443-AJ)(New Hampshire 3-7-2023), a defendant motion was granted because he made a proper and sufficient showing of a sentence in violation of the constitution and laws of the United States so the district court granted his relief. In this case, the defendant was being denied FSA credit from the day his sentence first commence and so, the petitioner contends his case is ambiguous to his case because he also is being denied FSA credit from when his sentenced commenced or because the case concerns FSA.

In Borker V. Warden, FMC Devens, N0-24-10045-LTS (Mass 5.15, 2024), the defendant motion was granted because the defendant there made a showing of a sentence in violation of the constitution and laws of the United States. In that case, the defendant claims the BOP unlawfully denied him certain time credits under the first step act. Therefore, he contends this case is ambiguous to his case because he too is being denied when judgement of sentenced was entered or because the case concerns FSA.

In Aron V. Lamanna, 4 Fed. App'x 232, 233 (6thCir.2009)(unpublished)(noting exception); Goar V. Civiletti, 688 F. 2d. 27, 2829 (6thCir.1982)(a long line of supreme court cases recongnize that rule that a party not exhaust administrative remedies before bringing a claim to federal court when the administrative remedy is ineffective or inadequate or not efficious or cannot provide the relief request.) McKart V. United States, 395 U.S. 185, 200 23 L. Ed. 2d, 194, 89 S. Ct. 1657 (1969); Patsy V. Florida interraty University 457 U.S. 496 73 L. Ed. 2d. 172 102 S.Ct. 2557. 50 U.S. WL 4731 1982 (collected cases)

In Raminez V. Phillips 2023 WL 8878993 at *4 (E.D. Cal Dec.22, 2023)(agreeing with interpretation that transfer to pre-release custody is mandate,)( BOP has no discretion not to transfer; Kamondo V. Luna, 2023 WL 310580, at *4-8 (D.W.H Jan 13, 2023 transfer to pre-release was required despite outstanding detainer, rejecting argument that the BOP had discretion.

In Sharma V. Peters, out of the northern District of Alabama 2:24-CV-158-RAH-KRP, (2025), the Court ruled as follows: Sharma a federal prisoner at Maxwell Federal Prison Camp in Montgomery, Alabama, that: 1) Under the FSA he was eligible t recieve 15 days of FSA credit a month instead of 10; 2) he is entitled to FSA programs days for the days he was awaiting designation, being transfered between facilities

In Patel V. Barron, No C23-937-KKE, 2023 WL 6311281, at *5 (W.D. Wash. Sept. 28, 2023)(finding that "the FSA unambiguously requries the BOP to calculate an inmates FTC eligibility from the date the inmates is sentenced and commnitte to custody of the BOP); Mohammed V. Stoner, No. 3:22-CV-757(SVN), 2024 WL 1769307, at *2 n 2 (D. Conn, April 23, 2024) (noting agreement with the "reasoning of HuiHui V. Derr No CV 22-00541 JAO-RT, 2023 WL 4086073(D.Haw June 20, 2023); Jobin V. Warden, FCI Mendota, No. 1:23-CV-01700-WBS-SKO (HC) 2024, WL 1397902, at *4 (E.D. Cal. April 1, 2024)

## Citation of Authority

A federal prisoner may challenge the BOP calculation of the duration of a sentence by filling a pre-trail for Writ of Habeas Petition. Fantanez V. O'Brien, 807 F. 3d. 84, 86-87 (4thCir.2015). Accordingly, a "Request for sentencing credit is properly brought under 2241. "United States V. Little, 392 F. 3d. 671, 679 (4thCir.2004).

As exhaustion is not jurisdictional prerequisite, Courts have discretion to waive the requirement where administrative remedies are inadequate or futile, irreparable injury would result, or the administrative proceedings would be void. See Ward, 678 F. 3d. at 1045; See also Lang V. Ashcroft, 370 F. 3d. 994, 1000 (9thCir.2004).

Other Courts have upheld this reasoning, as sufficient to waive exhaustion, See e.g. Arellano-Ortiz V. Quintana, No-23-06290-ADS,- 2024 WL 648683, at *3 (C.D.Cal. Jan.5.2024)(waiving exhaustion); Brown V. Rieger, No-2:22-CV-209245, at *16 (D.Me.Nov.18, 2024)(waiving exhaustion in part because "administrative process alone was likely to take 90days", exceeding petitioners release date), R & R adopted, 22WL 17184294, 2022 U.S Dist.. Lexis 212189 (D.Me.Nov.28.2022), appeal filed, No-22-1945)(1st Cir. Dec.1, 2022); Nelson V. Coz, No-20-CV-04199-KES, 2021 WL 1221178 at *2, 2021 U.S. Dist. Lexis 64041, at *4 (D.S.D.Apr.1,2021)(waiving exhaustion because petitioner is [2024 Dist. Lexis 7] allegedly entitled to be released"); Stiger V. Haynes, No. 2:13-CV-00025-SWN-JJV, 2023 WL 3965425, at *2, 2013 U.S. Dist. Lexis 10729, at *3 (E.D. Ark.July 9, 2012).

(Exhaustion futile, as "it would take a prisoner a minimum of 90 days to complete the [BOP] administrative remedy exhaustion process, and the process could take as long as 160 days"). R & R adopted, 2013 WL 3965425, 2013 U.S. Dist. Lexis 107282 (E.D.ARK. 7.31, 2012)

"[A]lthough the Fourth Circuit has not ruled on the issue, federal courts around the country have routinely read section 3624(g)(1)(a) to mean [2024 U.S. Dist. Lexis 8] that "the BOP is permitted to apply credits only once an inmate earned enough credits to equal the remainder of [his] sentence. "Lauave V. Marinez, 22-CV-791 (NGG)(RLM), 609 F. SUPP 3d. 164, 2022 WL 23388896, at *11 (E.D.N.Y.June 29, 2022), Turner V. Heisner, No-22-CV-00178-PHX-JAT (ESW), 2022 U.S. Dist. 88543, 2022 WL 2195348, at *3 (D. Ariz May 16, 2022)(FSA earned time credits can be applied to pre-release custody or Supervised release only when accumulated credits are equal to the remainder of the prison term). Miehn V. Warden, No-3:22-CV-195 (KAD), 2022 U.S. Dist. Lexis 93640, 20200 WL 1658836, at *3 (D.Conn May 25, 2022)(same); Mius V. Starr, No.21-1335 (SRN/BRT), 2022 U.S. Dist. Lexis 160325, 2022 WL 4084178, *4 (D.Minn.Aug 17, 2022)(same).

However, petitioner first contends exhaustion is futile, unavailable, and inadequate because he is serving a sentence in violation of the constitution and laws of the United States and so, his claim is meritorious and availing thus, entitling him to relief pursuant to 28 U.S.C. 2241(c)(3). Furthermore, there is no need to develop a factual record because the BOP will not change or invaildate 28 C.F.R 523.44(b) for medium or High risk level inmates given that BOP officials adopted a mis-interpretation of the first step act statue as it relates to 18 U.S.C. 3624(g)(1)(a)&(b).

Exhaustion of Administrative Remedies is Exhausted

---

    Prison officials here at FCI Beckley, meaning his Unit Team but more particularly his Counselor, failed to furnish and provide him with the needed bp-8 forms. Additionally, FCI Beckley has an internal issue with limited SHU bedspace and so, inmates are secured in their housing units until there is a sufficient amount of space in the SHU for inmates. However, FCI Beckley shu capacity only holds (150) inmates and there is over (1400) inmates here at FCI Beckley. During this time, his unit team is no where to be found nor does they do daily rounds in the housing units to inquire with students about any issues or concerns. Furthermore, the informal resolution process can take up to (240) days with all total extensions in a effect in which each agency can receive for instance: Regional office, Central Office and the Facility.

    Since he can establish a release date that has expired and that is Past due, with the BOP failing to start his RRC Placement package, the petitioner is suffering from a irreparable injury that can turn immediate anytime thus, warranting the waiving of his administrative remedies. Furthermore, with the BOP mis-interpretation of the plain language of the FSA statue, thus the court retains jurisdiction to waive this matter when justice so requires its duty, like here with the petitioner case now. Every time he have tried to start the administrative remedy process prison staff either refused to furnish him the necessary forms or he was met with continuous lockdowns and no access to required forms and so, the remedy process was unavailable and not capable of use. Here, the respondent, can't produce, paperwork showing that the process of transfer into pre-release custody has began or even started in terms of RRC Placement package given he can establish a past due release date.

    The administrative remedy process prejudice the petitioner because he is suffering irreparable harm, as a result of the BOP failure to implement the FSA language correctly and to furnish him administrative remedy forms when he request, which is addressed in Ross V. Blake, Supra. Many inmates in my housing unit can verify the same as me concerning our unit team failure to provide the necessary forms needed or in relation the scheme prison official uses to prevent and interfere with inmates ability to use the administrative remedy system by delay tactics like writing to Grand Prairie or the informal resolution attempt with your case manager which can take another (6) months to (1) year worth of delay in would be added to the (240) days it would take to fully exhaust at all (3) levels with extensions in a effect. All of these delays coupled together would add up to an irreparable injury or to immediate harm if the Court don't act now by bypassing the administrative remedy process and reaching the merits of his meritorious and availing claims presented by the petitioner.

    Lastly, the petitioner contends the administrative remedy process process is futile, unavailable, and ineffective because of prison officials mis-interpretations of the FSA statue which favors waiving the administrative remedy process. I have written paper cop-outs to higher officials like my unit team supervisor and my Unit Manager but never got any response back which renders the system ineffective and i don't know what else i can do to show i have tried. For these reasons, and any other reason the Court would find to be sufficient in establishing cause because Prejudice is further shown.

## First Step Act Credit

As a prudential matter, FCI Beckley has "erroneously" and "incorrectly" determined and affirmed the position that the petitioner is a low risk level, but is "unable" and "prohibited" from applying the remainder of his FSA credit toward his Pre-release custody. This illegal prohibition of not applying the application of his FSA credit is "arbitrary" and "capricious" thus, making 28 U.S.C. 2241(c)(3) applicable to his case. He contends its is incomprehensible that FCI Beckley hasn't applied all of his FSA credit, even though he has completed (86) FSA programs that were either 1) Evidence Based Recidivism Reduction Programs knwown as (EBRR) or 2) Productive Activities known as (PA's).

No meaningful argument would exist, that can furnish justification nor can conform the BOP's set decision of denying petitioner his earned time credits, especially given his underlying circumstances. Consequently, this plagues his statutory and constitutional rights under federal law because his "active" and "current" sentence, as per calculated by the "FBOP" exceeds the laws of the united states, is contrary to establish law, and violates the constitution. However, without the remainder of his FSA credit the petitioner would suffer from irreparable harm or immediate injury because of the BOP failure to follow federal laws, which are being mis-interpreted by prison staff who are acting outside statutory authority. It is noteworthy that petitioner submitted for the Warden's exception during his third low risk assessment on 12/17/2024 and again upon his arrival here at FCI Beckley on January 14 2025, but to no avail, he still have failed to receive any response back from the Warden office notwithstanding the application of the remainder of his FSA Credit.

Under 18 U.S.C. 3624(g)(1)(a)&(d), the petitioner can establish that he has (2151) accrued program days, (365) toward release, and (385) toward RRC/HC. However, with all of the credits applied and deducted from his his home detention date would furnish a release date back in January of 2025 thus, supporting his release date is past due. For these reasons, petitioner moves this honorable court for an order directing FCI Beckley to send him to pre-release custody and to apply the remainder of his first step act credit.

## Certificate of Service

I hereby certify that a copy of this motion has been depositied into the hands of a prison offical under the mailbox rule. See Fed. R. Civ. P. 4(c)(1); Houston V. Lack, 487 U.S. 266, 278 (1988)

Date: MAY, 7, 2025

Respectfully Submitted

Thomas Hammond #
FCI Beckley
PO box 350
Beaver, WV, 25813